UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LORRAINE CAPPELLO, et al., | ) |
| | ) |
| *Plaintiffs* | ) |
| v. | ) Cause No. 3:16-CV-290 RLM-MGG |
| | ) |
| FRANCISCAN ALLIANCE, INC., *et al.*, | ) |
| | ) |
| *Defendants* | ) |

OPINION AND ORDER

This is a putative class action brought by retired employees of various affiliates of Franciscan Alliance, Inc. seeking to represent a class of persons that are participants or beneficiaries of the Franciscan Alliance Pension Security Plan. They contend that the defendants – Franciscan Alliance, Inc., its Board of Trustees, the Franciscan Alliance Pension and Benefits Committee, and 40 John Does – have underfunded the Plan by as much as $320 million and have operated it in violation of the Employee Retirement Income Security Act of 1974 (ERISA) (Counts 1-9), state law (Counts 10-11), and/or the Establishment Clause in the First Amendment (Count 12). The defendants (collectively referred to as "Franciscan Alliance") moved to dismiss the Consolidated Class Action Complaint [Doc. No. 115] under Fed. R. Civ. P. 12(b)(1) for lack of standing and/or Rule 12(b)(6) for failure to state a claim.

The court heard oral argument on the motion on May 2017. Notwithstanding the challenging and difficult issues the motion presents, the court can't justify such a delay, and can only apologize to the parties and their

counsel. For the reasons that follow, the court denies Franciscan Alliance's motion.

I. LEGAL STANDARD

Detailed factual allegations aren't required to meet the notice pleading requirements of Rule 8(a). To survive a motion to dismiss under Rule 12(b), the factual allegations in the complaint must "state a claim to relief that is plausible on its face" – one that "raise[s] a right to relief above the speculative level", "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged", and gives the defendant fair notice of the claims being asserted and the grounds upon which they rest. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether the claims asserted are plausible, the court construes the complaint in the light most favorable to the plaintiffs, accepts all well-pleaded facts as true, draws all reasonable inferences in the plaintiff's favor, Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Anicich v. Home Depot U.S.A., Inc., 852 F.3d 643, 648 (7th Cir. 2017), and generally won't consider matters outside the pleadings or engage in fact-finding. *See* Fed. R. Civ. P. 12(d); Reger Dev., LLC v. National City Bank, 592 F.3d 759, 763 (7th Cir. 2010); Stakowski v. Town of Cicero, 425 F.3d 1075, 1078 (7th Cir. 2005). There is an exception: when considering a motion to dismiss under Rule 12(b)(1) for lack of standing, the court can look beyond the allegations of the complaint and consider

other competent evidence. Bastuen v. AT&T Wireless Servs., Inc., 205 F.3d 983, 990 (7th Cir. 2000).

II. DISCUSSION

Franciscan Alliance moved to dismiss the plaintiffs ERISA failure to fund, state law breach of fiduciary duty and breach of contract, and Establishment Clause claims (Counts 6 and 10-12) under Rule 12(b)(1), contending that the plaintiffs lack standing to bring those claims because they haven't sufficiently alleged injury-in-fact. Franciscan Alliance argues, in the alternative, that the complaint should be dismissed in its entirety under Rule 12(b)(6) because: (1) the Franciscan Alliance Plan qualifies for the "church plan" exemption to ERISA, 29 U.S.C. § 1003(b)(2) (Counts 1-8);[1] (2) the breach of fiduciary duty claims and breach of contract claims (Counts 9-11) aren't supported by sufficient factual allegations; alternatively, the court should decline to exercise supplemental jurisdiction over the state law claims (Counts 10-11), if it dismisses the federal ERISA claims; and (3) the plaintiffs' constitutional challenge to the "church plan" exemption should be dismissed because the exemption satisfies the three-prong test in Lemon v. Kurtzman, 403 U.S. 602 (1971).

---

[1] Franciscan Alliance also sought to impose limitations on the vesting claim in Count 2, but plaintiffs have conceded that the vesting claim is limited to Plan participants who worked after January 1, 2008.

A. *Standing*

The plaintiffs bear the burden of proving that they have standing, and must show that: (1) they suffered an injury in fact that's "concrete and particularized" and actual or imminent, not conjectural or hypothetical; (2) there's a causal connection between the injury and the conduct complained of; and (3) a favorable decision can redress the injury. Spokeo v. Robins, 136 S. Ct. 1540, 1545 (2016); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992).

Franciscan Alliance challenges only the first requirement. It contends that the plaintiffs have miscalculated and "exaggerated" the amount of the shortfall, and lack standing because they haven't shown that their benefits were actually reduced, that the Plan is being (or is likely to be) terminated, or that Franciscan Alliance can't make up the deficit. *Citing, i.e.,* Lee v. Verison Communications, Inc., 837 F.3d 523, 545-46 (5th Cir. 2016); Perelman v. Perelman, 793 F.3d 368, 374 (3rd Cir. 2015); David v. Alphin, 704 F.3d 327, 338 (4th Cir. 2013).

But the plaintiffs don't have to show past actual or tangible loss to have standing. They allege in their complaint that the defendants have not only underfunded the Plan by more than $320 million as of 2015, but have operated the Plan as a "church plan", even though it doesn't qualify, and have failed to pay premiums to the Pension Benefit Guaranty Corporation. As a result, the plaintiffs assert, the Plan has suffered losses and Plan participants are subject to a substantial risk of pensions being lost or reduced, without the benefit of insurance

to protect them if the Plan defaults on its obligations or is terminated with insufficient assets. The plaintiffs conclude that the risk of injury in this case is both substantial and imminent, and that they therefore have standing to challenge the defendants' actions or failure to act. *Citing* Susan B. Anthony List v. Driehaus, 134 S.Ct. 2334 (2014 ) (holding that a plaintiff has standing if there is a "substantial risk" that the threatened future injury will occur); Remijas v. Neiman Marcus Group, LLC, 794 F.3d 688, 693 (7th Cir. 2015) (standing may be found on a "substantial risk" of harm); Scanlan v. Eisenberg, 669 F.3d 838, 847 (7th Cir. 2012) (plaintiffs not required to suffer a loss of benefits before they have standing); Johnson v. Allsteel, Inc., 259 F.3d 885, 888 (7th Cir. 2001) ("increased risk the [plan] participant faces ... is an injury-in-fact."); Rollins v. Dignity Health, 338 F.Supp.3d 1025 (N.D. Cal. Sep. 6, 2018) (finding plaintiffs had standing based on similar allegations). The court agrees.

The extent to which the Franciscan Alliance Plan may be underfunded and whether the defendants could cover the deficit if required to do so are questions of fact that can't be resolved on a motion to dismiss. Unlike the plaintiffs in Lee v. Verizon Communications, Perelman v. Perelman, and David v. Alphin, these plaintiffs allege that the Plan is underfunded by more than $320 million, the insurance provided to ERISA plan participants by the Pension Benefit Guaranty Corporation isn't available to them because Franciscan Alliance has been operating the Plan as a church plan in violation of ERISA, and there is an inherent

5

and substantial risk that their benefits will be reduced or terminated if corrective action isn't taken. The court must assume those facts are true for purposes of this motion. The plaintiffs have sufficiently alleged injury-in-fact and have standing to sue based on the enhanced risk of default and lack of insurance coverage.

B. *The Church Plan Exemption*

Franciscan Alliance contends that even if the plaintiffs have standing, the Plan is exempt from ERISA because it's a "church plan", and that the plaintiffs haven't sufficiently alleged otherwise, so Counts 1-9 should be dismissed.

"The Employee Retirement Income Security Act of 1974 (ERISA) exempts 'church plan[s]' from its otherwise-comprehensive regulation of employee benefits plans." Advocate Health Care Network v. Stapleton, 137 S.Ct. 1652, 1655 (2017). An organization can qualify for the exemption, if:

(1) it is a "tax-exempt nonprofit organization associated with a church";

(2) its retirement plan is "maintained by an organization ... the principal purpose or function of which is the administration or funding of [the retirement] plan" for the benefit of its employees; and

(3) the principal purpose organization is also controlled by or associated with a church.

29 U.S.C. § 1002(33); *see also* Medina v. Catholic Health Initiatives, 877 F.3d 1213, 1230-1234 (10th Cir. 2017).

The plaintiffs allege in ¶¶ 85-135 of the complaint that the Franciscan Alliance Plan doesn't meet any of those requirements because:

- Franciscan Alliance, not the Pension and Benefits Committee, "maintains" the Plan;

- Franciscan Alliance's "principal purpose or function" isn't to administer or fund a retirement plan – it's to provide healthcare services;

- Franciscan Alliance isn't "controlled by or associated with a church" because it "partners with organizations that claim no religious affiliation" and doesn't consider "religious affiliation … in recruiting and hiring employees"; and

- most of the plan participants aren't members of the clergy or "employee[s] of an organization … which is exempt from tax under section 501 or Title 26 and which is controlled by or associated with a church or a convention or association of churches", as required under 29 U.S.C. § 1002(33)(B)(ii) and (C)(ii)(II).

Franciscan Alliance disputes those allegations and asserts that it's Plan qualifies for the exemption under § 1002(33)(C) because: the Pension and Benefits Committee "maintains" the Plan, not Franciscan Alliance; the Committee's "principal purpose or function" is the administration of the Plan; and the Committee is "controlled by or associated with a church [the Catholic Church]."

7

It also contends that the Plan satisfies the requirements of § 1002(33)(B)(ii) because "Franciscan Alliance is a tax-exempt organization" and its employees qualify as "employees of a church", as defined in § 1002(33)(C)(ii)(II) because Franciscan Alliance is controlled or associated with the Catholic Church. It cites in support various documents that weren't referenced or incorporated in the complaint, including an affidavit from defense counsel, Lars Golumbic [Doc. No. 127-1], Private Letter Rulings issued by the IRS [Doc. No. 127-4], Advisory Opinions issued by the U.S. Dept. of Labor [Doc. No. 127-5], and the Official Catholic Directory. Franciscan Alliance contends, on the basis of that evidence, that the court should find that the Plan qualifies for the "church plan" exemption and dismiss the ERISA claims (Claims 1-9).

Whether an organization meets the statutory requirements for the church plan exemption is a fact intensive inquiry that can't be decided on a motion to dismiss when, as here, the parties disagree on key facts, including:

- which organization – Franciscan Alliance, the Committee, or both – "maintains" the Plan, within the meaning of § 1002(33)(C);
- whether that organization is controlled by or associated with the Catholic Church, as required under 1002(33)(C); and
- whether "substantially all of the individuals included in the plan" are "employee[s] of a church", as required under 1002(33)(B)(ii) and (C)(ii)(II).

Franciscan Alliance didn't address the limitations on the court's ability to look outside the pleadings on a motion to dismiss under Rule 12(b)(6), and hasn't asked the court to take judicial notice of the extrinsic evidence on which it relies. To the extent it contends that the decisions in Overall v. Ascension, 23 F.Supp.3d 816 (E.D. Mich. 2014), and Medina v. Catholic Health Initiatives, 147 F.Supp.3d 1190 (D. Colo. 2015), support its argument and this court's use of extrinsic evidence, it is mistaken.

In Overall v. Ascension, the court cited Yeary v. Goodwill Industries-Knoxville, Inc., 107 F.3d 443, 445 (6th Cir. 1997), for the proposition that "extrinsic materials may be considered by a court if they 'fill[] in the contours and details' of a complaint." 23 F.Supp.3d at 824. But that standard differs significantly from the judicial notice standard used in this circuit. Under the Federal Rules of Evidence and circuit precedent, "[a] court may take judicial notice of an adjudicative fact that is both 'not subject to reasonable dispute' and either 1) 'generally known within the territorial jurisdiction of the trial court' or 2) 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'" General Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1080-1081 (7th Cir. 1997) (quoting Fed. R. Evid. 201(b)); *see also* Hennessy v. Penril Datacomm Networks, Inc., 69 F.3d 1344, 1354 (7th Cir. 1995) ("In order for a fact to be judicially noticed, indisputability is a prerequisite."). The material facts in this case are disputed and have yet to be

9

adjudicated, and the cases on which Franciscan Alliance relies are not binding authority in this court. *See* Christensen v. Harris County, 529 U.S. 576, 587-588 (2000) (agency interpretations contained in opinion letters lack force of law and are entitled to deference only when language of regulation is ambiguous); Bankers Life and Casualty Co. v. United States, 142 F.3d 973 (7th Cir. 1998) ("[IRS] letter rulings apply only to the parties who specifically request them [and] [n]either the courts nor the IRS may rely on letter rulings as precedent."); Rollins v. Dignity Health, 338 F.Supp.3d 1025, 1034 (N.D. Cal. Sep. 6, 2018) (denying request to take judicial notice of excerpts from the Official Catholic Directory, when "[d]efendants' purpose in attempting to introduce this document is to argue a fact that is in dispute, *i.e.*, the degree of association or affiliation between Dignity Health and the Catholic Church."). The court might consider those documents on a motion for summary judgment to prove the truth of the matters asserted if the evidence rules allow, *see*, *i.e.*, Smith v. OSF Healthcare Sys., 349 F.Supp.3d 733 (S.D. Ill. 2018); Medina v. Catholic Health Initiative, 147 F.Supp.3d 1190, 1197-98 (D. Colo. 2015), *aff'd* 877 F.3d 1213 (10th Cir. 2017); Hall v. USAble Life, 774 F.Supp.2d 953, 959-60 (E.D. Ark. March 28, 2011); Ward v. Unum Life Ins. Co. of Am., No. 09-C-431, 2010 WL 4337821 (E.D. Wis. Oct. 25, 2010); Rinehart v. Life Ins. Co. of N. Am., No. C08-5486 RBL, 2009 WL 995715 (W.D. Wash. Apr. 14, 2009); Okerman v. Life Ins. Co. of N. Am., No. CIV-S-00-0186, 2001 WL

36203082, at *4 (E.D. Cal. Dec. 24, 2001),[2] but for purposes of a motion to dismiss, the court must accept as true the facts alleged in the complaint and draw all reasonable inferences in the plaintiffs' favor. Those facts and inferences present plausible claims under ERISA.

C. *Breach of Fiduciary Duty and Breach of Contract Claims (Counts 9-11)*

Franciscan Alliance contends that the allegations that form the basis of the plaintiffs' claims for breach of fiduciary duty and breach of contract aren't supported by sufficient factual detail and don't meet the minimal pleading requirements of Rule 8(a).[3] Their argument is based on an overly-restricted reading of the complaint.

While the plaintiffs refer to the "Defendants" generically in Counts 9-11, they incorporate by reference all prior allegations in the complaint. Those allegations clearly identify who the fiduciaries are (Complaint ¶¶ 148-155), what duties they allegedly breached (Complaint ¶¶ 156-165, 279, 281, and 285-286),

---

[2] Franciscan Alliance cited each of these cases in support of its motion to dismiss for failure to state a claim, but each case was decided on a motion for summary judgment under Fed. R. Civ. P. 56 (or, in the case of Ward v. Unum Life Ins. Co. of Am., a motion to reconsider the grant of summary judgment) and the standards are different. Other cases cited by the defendants in support of their argument considered evidence outside the pleadings to support a finding that a plan was a church plan exempt from ERISA, *i.e.*, Feather v. SSM Health, No. 4:16CV1669HEA, 2018 WL 3536613 (E.D. Mo. July 23, 2018) and Sanzone v. Mercy Hospital, 326 F.Supp.3d 795 (E.D. Mo. 2018).

[3] Franciscan Alliance argued, in the alternative, that the court should decline to exercise supplemental jurisdiction, if the federal claims are dismissed. Today's resolution of Franciscan Alliance's motion to dismiss the ERISA claims renders that argument moot, at least for now.

and how the plaintiffs and the Plan were damaged (Complaint ¶¶ 255, 276, and 307). Rule 8(a) requires nothing more.

The plaintiffs' breach of contract claim is a closer call. The plaintiffs outline in great detail how the defendants breached their obligations under ERISA, but devote only a few paragraphs to their alternative breach of contract claim, alleging that they have a contract (the Plan Documents) with Franciscan Alliance that requires it to contribute to the Plan "the amount recommended by the Actuary to comply with th[e] funding policy,'" and Franciscan Alliance breached the contract "by not adequately funding the Plan". Although plaintiffs don't specifically allege in Count 11 that they were harmed by the alleged breach, they incorporate by reference all prior allegations, including the allegation that failure to create and enforce adequate funding policies for the Plan and to properly fund the Plan has resulted in a loss to the Plan and substantially increased the risk of participants' pensions being lost or reduced. (Complaint ¶¶ 276 and 307). When the complaint is read in its entirety, it sufficiently states a plausible claim for breach of fiduciary duty and breach of contract under ERISA and Indiana law.

### D. *The Establishment Clause (Count 12)*

The United States intervened for the limited purpose of addressing the constitutionality challenge to the "church plan" exemption in Count12.[4] It argues

---

[4] The Department of Justice took no position on whether the plaintiffs have standing, whether the Franciscan Alliance Plan qualifies for the "church plan" exemption, or whether the complaint sufficiently alleges breach of fiduciary duty or
12

that the exemption as applied doesn't violate the Establishment Clause and urges the court to adopt the holding in Medina v. Catholic Health Initiatives, 877 F.3d 1213, 1230-1234 (10th Cir. 2017) (affirming the district court's grant of summary judgment and holding that exempting Catholic Health Initiatives' pension plan from the requirements of ERISA did not "run[] afoul of the Establishment Clause"), if it reaches the plaintiffs' constitutional claim. [Doc. No. 137 at p. 2]. But as the Government correctly points out, "[i]f the Court were to conclude ... that the challenged Franciscan Alliance Plan is not a church plan, it would not need to reach Plaintiffs' constitutional claim." *See* Northwest Austin Municipal Utility District Number One v. Holder, 557 U.S. 193, 205 (2009) ("It is a well-established principle governing the prudent exercise of [the federal court's jurisdiction that normally the Court will not decide a constitutional question if there is some other ground upon which to dispose of the case.").

For reasons previously discussed, the court can't tell at this stage whether the Franciscan Alliance Plan qualifies as a church plan under ERISA, and won't address the merits of the plaintiffs' constitutional challenge until it has.

### III. Conclusion

For the reasons stated, the court DENIES the defendants' motion to dismiss [Doc. No. 126].

SO ORDERED.

---

breach of contract under state law.

ENTERED: <u>  March 27, 2019  </u>

<u>      /s/ Robert L. Miller, Jr.      </u>  
Judge, United States District Court